# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JORGE ANAYA, )
 )
      Plaintiff, )
vs. ) NO. CIV-16-1030-HE
 )
DUSTIN HUTTO & )
JERRY MCCLURE TRUCKING, INC., )
 )
      Defendants. )

## ORDER

Plaintiff Jorge Anaya brought this action in state court against defendant Dustin Hutto and his employer, Jerry McClure Trucking, Incorporated ("McClure"). The claims arise out of an automobile accident in 2014. Plaintiff asserts negligence claims against Hutto and against McClure based on the theory of *respondeat superior*. Plaintiff also alleges claims against McClure for negligent hiring, training, and supervision of Hutto, as well as a negligent entrustment claim for allowing Hutto to operate McClure's commercial vehicle. Defendants removed the case to this court, based on diversity jurisdiction.[1] McClure has moved to dismiss plaintiff's negligent hiring, training, supervision, and entrustment claims. [Doc. #8].

When considering whether claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive the motion, the complaint

---

[1] *The state court petition is referred to as the "complaint" hereafter.*

must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the facts alleged in the complaint must allow the court to infer the defendants' liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." Id. at 640–41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

The complaint alleges that Hutto was driving a commercial vehicle owned by his employer, McClure, when an accident occurred near Interstate Highway 35 and State Highway 9 in McClain County. The complaint alleges the accident was due to Hutto's negligence, that Hutto was acting within the scope of his employment with McClure at the time of the accident, and that the accident caused plaintiff's injuries.

McClure's motion is not directed to the claims arising from Hutto's allegedly negligent operation of the vehicle, but focuses on the claims against McClure for negligent hiring, training, and supervision of Hutto, and for negligent entrustment of the vehicle to him. It argues those claims must be dismissed in light of the complaint's allegation, and McClure's stipulation by answer, that Hutto was acting within the scope of his employment with McClure at the time of the accident. McClure relies primarily on Jordan v. Cates, 935 P.2d 289 (Okla. 1997). The parties agree that the substantive law applicable to this case is that of Oklahoma.

Jordan generally holds that when an employer stipulates that its employee was within the scope of employment at the time of the employee's commission of a tort, thus triggering employer liability on the basis of *respondeat superior*, that theory of liability becomes the sole basis for recovery against the employer. Other potential theories of recovery, such as the negligent hiring and negligent retention theories asserted in Jordan, are "unnecessary and superfluous." 935 P.2d at 293.

For the most part, plaintiff's response to the motion focuses on his negligent entrustment claim. However, it also argues generally that Jordan should not be applied to any of his claims based on McClure's own negligence.

Insofar as the negligent hiring, retention and supervision claims are concerned—the same sort of claims sought to be asserted in Jordan—this this and most other courts applying Jordan have concluded those claims are barred once the "within the scope" determination is made. *See e.g.* Guerrero v. Meadows, No. CIV-14-0537-F, 2014 WL 10962065 at *3-4 (W.D. Okla. Oct. 15, 2014) (discussing cases from this District, as well as the Eastern District of Oklahoma and the Western District of Missouri). *See also* Chamberlain v. Thomas, No. CIV-11-1430-HE, 2012 WL 4355908. Those cases discuss and reject essentially the same arguments plaintiff now urges as to why Jordan should not apply. Plaintiff has not presented any persuasive reason for reaching a different result here, at least as to the hiring, retention and supervision claims.

Plaintiff makes a more vigorous argument as to his negligent entrustment claim. He argues that Sheffer v. Carolina Forge Co., L.L.C., 306 P.3d 544 (Okla. 2013) suggests

3

a negligent entrustment claim can exist separately even if the "within scope" stipulation is present. He cites various Oklahoma district court decisions in support of his view.

It is unclear whether Sheffer, which does not mention Jordan, actually changes the law as to negligent entrustment or other claims in these circumstances. However, plaintiff makes a facially plausible argument that it does and the court therefore directed McClure to file a reply brief addressing Sheffer. McClure filed a reply which made no meaningful effort to do so. In these circumstances, the court concludes it is premature to dismiss the negligent entrustment claim at the pleading stage of the case.

McClure's motion [Doc. #8] is therefore **GRANTED** as to the negligent hiring, retention, and supervision claims but **DENIED** as to the negligent entrustment claim. The negligent hiring, retention and supervision claims are **DISMISSED**.

**IT IS SO ORDERED**

Dated this 5th day of December, 2016.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE